**Mamadou N. DIALLO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–2962–ag.**

United States Court of Appeals, Second Circuit.

May 10, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quinones, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit,

held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mamadou N. Diallo, A95–432–632, through counsel, petitions for review of the BIA decision affirming the December 10, 2003 decision of Immigration Judge ("IJ") Philip L. Morace, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

The IJ's adverse credibility determination met this standard. As an initial matter, the IJ was concerned with the manner in which Diallo testified, noting that his testimony lack. In *Zhou Yun Zhang,* 386 F.3d at 73, this Court explained that a fact-finder who assesses testimony together with demeanor is in the best position to discern whether the witness is truthful. As such, this is an appropriate basis for the IJ's adverse credibility finding.

Diallo also testified inconsistently about the date of his release from detention, but refused to admit or explain the discrepancy until it was played back to him on the tape of the hearing. Even after it was established that he testified inconsistently, Diallo did not explain the discrepancy but simply stated that he had made a mistake. Because the dates and length of his detention are essential elements of Diallo's claim for relief, the IJ appropriately used his inconsistent testimony and his failure to acknowledge the inconsistency until the tape was played for him as a basis for his negative credibility finding.

Additionally, Diallo changed his testimony regarding his travel documents and date of entry into the United States three times; as the government attorney progressed with cross examination, Diallo changed his testimony incrementally until he was forced to admit, based on the documentary evidence, that he had lied when he claimed to have entered the United States in March 2001 on a friend's passport and visa. While the date and manner of Diallo's entry are not central to his claim of persecution, the IJ was nevertheless reasonable in determining that Diallo's explanation was inadequate and that his deliberate misrepresentation of facts essential to establishing his asylum eligibility undermined his overall credibility. *Cf. In re O–D–,* 21 I. & N. Dec. 1079, 1083, 1998 WL 24904 (BIA 1998) (holding that pres-

entation by an asylum applicant of an identification document that is found to be counterfeit by forensic experts not only discredits the applicant's claim as to the critical elements of identity and nationality, but, in the absence of an explanation or rebuttal, also indicates an overall lack of credibility regarding the entire claim).

Finally, the IJ determined that Diallo's failure to adequately corroborate his claim further harmed his credibility. This Circuit has explained that an IJ may take lack of corroboration into account when assessing an applicant's credibility. *See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006). Here, Diallo's testimony was not otherwise credible, given that there were significant inconsistencies regarding his arrest and detention as well as his date and method of entry into the United States. The IJ was therefore reasonable in determining that the lack of corroborating evidence further undermined Diallo's credibility.

Because the IJ properly determined that Diallo was unable to establish his eligibility for asylum, he was also correct in determining that Diallo did not establish eligibility for withholding of removal, which carries a higher burden of proof. Diallo has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *See, e.g., Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.